# EXHIBIT A

*Summons and Complaint*

# EXHIBIT A

Electronically Issued
7/3/2025 6:57 AM

RECEIVED
2025 JUL 14 AM 9:38
OFFICE OF THE CITY CLERK

DISTRICT COURT
CLARK COUNTY, NEVADA

ROXANA SMITH,

    Plaintiff,

vs.

CITY OF LAS VEGAS,

    Defendant.

Case No:
Dept. No:

CASE NO: A-25-922448-C
Department 6

RECEIVED
JUL 14 2025
BY: ......................

### SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

To the Defendant:    CITY OF LAS VEGAS

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the date of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of this Court, with the appropriate filing fee.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON

Issued at the direction of:

CLERK OF COURT

/s/ Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

By: /s/ Mark Fernandez      7/3/2025
Deputy Clerk Mark Fernandez    Date
200 Lewis Ave.
Las Vegas, NV 89155

Case Number: A-25-922448-C

STATE OF _____ )
                          )ss:          AFFIDAVIT OF SERVICE
COUNTY OF _____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 yearts of age, not a party to nor interested in the proceeding in which this affidvit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

_____

on the _____ day of _____, 20____ and served the same on the _____ day of _____, 20____ by:

(Affiant must complete the appropriate paragraphy)

1. Delivering and leaving a copy with the Defendant _____ at (state address) _____.

2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendants' usual place of abode located at (state address) _____.

(Use paragraph 3 for service upon agent, completing A or B)

3. Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____.
   a. With _____ as _____, an agent lawfully designated by statute to accept service of process;
   b. With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed postage prepaid (Check appropriate method):

   ____ Ordinary mail
   ____ Certified mail, return receipt requested
   ____ Registered mail, return receipt requested

   addressed to the defendant _____ at Defendants' last known address which is (state address) _____.

SUBSCRIBED AND SWORN to before me this
_____ day of _____, 20____.       _____
                                        Signature of person making service

Notary Public in and for the
County of _____,
State of Nevada

My commission expires: _____
(SEAL)

Electronically Filed
7/3/2025 6:57 AM
Steven D. Grierson
CLERK OF THE COURT

COM
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
email: ktkennedylaw@gmail.com
Attorney for Plaintiff

CASE NO: A-25-922448-C
Department 6

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| ROXANA SMITH, | Case No: |
| | Dept. No: |
| Plaintiff, | |
| vs. | |
| CITY OF LAS VEGAS, a Nevada municipality, DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive, | |
| Defendants. | |

## COMPLAINT
### Jury Trial Demanded

COMES NOW, the Plaintiff, ROXANA SMITH, by and through her undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Complaint against the Defendant and would allege as follows:

1. Plaintiff, ROXANA SMITH, is a resident of Clark County, Nevada and did so reside herein during all events complained of in this action.

2. Defendant, CITY OF LAS VEGAS, is a Nevada organized municipality and legal entity existing in Nevada and did so operate and exist herein during all events complained of in this action.

3. Defendant named herein is an employer within the jurisdictional coverage the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964 and under Nevada's anti-discrimination statues.

4. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does

1

1-10 and Roe Corporations 1-10, and will amend her complaint to show their true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

5. Plaintiff timely submitted a charge of discrimination with the Nevada Equal Rights Commission and the Equal Employment Opportunity Commission (34B-2024-01180). The NERC assumed jurisdiction over Plaintiff's charge and notice of the charge was served upon the Defendant per statutory requirements.

6. Plaintiff received a right to sue letter served on or about May 9, 2025, from the Nevada Equal Rights Commission.

7. Both jurisdiction and venue are appropriate as all events occurred in Clark County, Nevada; the Defendant operates in Nevada; and the amount in controversy exceeds the jurisdictional minimum of this Court.

8. Plaintiff, a 65 year old female, was hired by the Defendant in June, 2002, and was employed as an Office Specialist and later to the position of Record Technician I.

9. From on or about 2021-2023, Plaintiff was under the supervision of Defendant's supervisory employee Lance Covington, an African-American male who was younger than Plaintiff. Under that supervision, Plaintiff experienced frequent, adverse and targeted conduct against her from this supervisor, as well as other managerial employees, which created and contributed to a hostile work environment that materially and negatively impacted her job position and performance.

10. The adverse treatment, based on Plaintiff's age and gender, directed at Plaintiff by the Defendant through its agent supervisor Covington, and other managerial employees,

2

between 2021 and 2023, includes, but is not limited to:

a. Plaintiff enduring unfair criticisms, harassment and adverse comments which were premised on Plaintiff's age and gender, as well as disparaging comments about Plaintiff's age and work abilities, from supervisor Covington and other managerial level employees.

b. Plaintiff was subjected to closer supervision and scrutiny by Defendant's agents, as opposed to other co-workers, which negatively impacted Plaintiff's job performance, said closer supervision also contrary to City of Las Vegas policies, procedures and practices.

c. Supervisor Covington engaged in adverse and hostile conduct which materially affected the terms and conditions of Plaintiff's employment by conduct which treated her differently than other co-workers and harmful to Plaintiff's work environment.

d. Plaintiff was subjected to the foregoing disparate treatment based on her age and gender, which created an adverse and hostile work environment while working under the supervision of Covington, and other managerial level employees, as set forth herein.

e. Plaintiff complained to the Defendant's Human Resources office regarding the harassment and adverse conduct from supervisor Covington, however these complaints were unresolved and ignored by the Defendant, which resulted in Covington further retaliating against the Plaintiff

f. Defendant's managerial level employees engaged in conduct to exclude Plaintiff from team meetings, training sessions and other meetings, which were offered and attended by Plaintiff's co-workers but denied to Plaintiff.

g. Defendant's conduct, as detailed above, created a hostile work environment premised on Plaintiff's age and gender which subjected the Plaintiff to different and materially adverse working conditions than those of younger, under 40 employees, who were not subjected to the same level of scrutiny, over-supervision, criticisms and abusive language which was directed at Plaintiff by supervisor Covington, as well as different and materially adverse working conditions than other employees; who were also not subjected to the same level of scrutiny, criticisms and abusive language as Plaintiff.

h. At all times herein, Plaintiff satisfactorily performed her job and was qualified for her position.

11. Defendant and its agents failed to protect Plaintiff from harm caused by the discriminatory conduct noted herein, despite being on notice of the wrongful conduct, said Defendant being on notice that Plaintiff was in a protected class; that she was qualified for her position and performing satisfactorily; that the Defendant treated the Plaintiff in an openly hostile and adverse manner as opposed to others outside her protected class; and that the Defendant was in need of the Plaintiff's skills and services

12. On or about March, 2024, Plaintiff constructively discharged her employment with the Defendant, as the Defendant had created and fostered a severe hostile work environment that was not abated or corrected such that Plaintiff was unable to continue with her job functions.

13. Plaintiff has suffered harm and damages as a result of Defendant's conduct as set forth herein in an amount in excess of $15,000.

## **FIRST CLAIM FOR RELIEF**
## **VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

14. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff, a 65 year old female, was subjected to regular and frequent acts of discrimination, harassment, intimidation, retaliation and unequal treatment in an overall hostile work environment, as a result of conduct and actions of the Defendant and its agents, said conduct in violation of the Age Discrimination in Employment Act. This conduct includes, *but is not limited to*, Plaintiff suffering age based harassment and discriminatory conduct from agents of the Defendant, from which the Defendant failed to take any reasonable steps to protect Plaintiff; Plaintiff suffering unequal and disparate treatment as opposed to her younger co-workers and caused by agents of the Defendant; Plaintiff suffering an overall hostile work environment and harassment caused by actions and conduct of agents of the Defendant; Plaintiff suffering retaliatory conduct by the Defendant; and Plaintiff suffering wrongful and pretextual disciplinary actions and other harm.

16. The adverse treatment based on Plaintiff's age and directed at Plaintiff by the Defendant includes, but is not limited to:

a. Plaintiff enduring unfair criticisms, harassment and adverse comments against the Plaintiff which were premised on Plaintiff's age, as well as disparaging comments about Plaintiff's age and work abilities, from supervisor Covington and other managerial level employees.

b. Plaintiff was subjected to closer supervision and scrutiny by the Defendant's agents, including supervisor Covington, which adversely and negatively impacted Plaintiff's job performance.

c. Supervisor Covington engaged in adverse and hostile conduct which materially affected the terms and conditions of Plaintiff's employment, said conduct treated her differently than other co-workers and harmful to Plaintiff's work environment.

d. Plaintiff was subjected to disparate treatment based on her age, which created an adverse and hostile work environment while working under the supervision of Covington and other managerial level employees, as set forth herein.

e. Plaintiff complained to the Defendant's Human Resources office regarding the harassment and adverse conduct from supervisor Covington, however these complaints were unresolved and ignored by the Defendant and resulted in Covington retaliating against the Plaintiff as a result of those complaints.

f. Defendant engaged in conduct to exclude Plaintiff from team meetings, training sessions and other meetings, which were offered and attended by Plaintiff's co-workers but denied to Plaintiff.

g. Defendant's conduct, as detailed above, created a hostile work environment premised on Plaintiff's age which subjected the Plaintiff to different and materially adverse working conditions than those of younger, under 40 employees, who were not subjected to the same level of scrutiny, over-supervision, criticisms and abusive language which was directed at Plaintiff by supervisor Covington, as well as different and materially adverse working conditions than other employees; who were also not subjected to the same level of scrutiny, criticisms and abusive language as Plaintiff.

h. At all times herein, Plaintiff satisfactorily performed her job and remained qualified for her position during her employment.

i. Plaintiff was forced to constructively discharge from her employment in March, 2024, which was premised upon the Defendant's inaction on her claims of harassment and discriminatory treatment.

17. As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount in excess of $15,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND NEVADA STATE LAW

18. Plaintiff realleges, readopts, and reincorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff, a 65 year old female, was subjected to regular and frequent acts of discrimination, harassment, intimidation, retaliation and unequal treatment in an overall hostile work environment, as a result of conduct and actions of the Defendant and its agents, said conduct in violation of Title VII of the Civil Rights Act of 1964 and Nevada's anti-discrimination state statutes. This conduct includes, *but is not limited to*, Plaintiff suffering gender based harassment and discriminatory conduct from agents of the Defendant, from which the Defendant failed to take any reasonable steps to protect Plaintiff; Plaintiff suffering unequal and disparate treatment as opposed to her non-female co-workers and caused by agents of the Defendant; Plaintiff suffering an overall hostile work environment and harassment caused by actions and conduct of agents of the Defendant; Plaintiff suffering retaliatory conduct by the Defendant and its agents; and Plaintiff suffering wrongful and pretextual disciplinary actions and other harm.

20. The adverse treatment based on Plaintiff's gender and directed at Plaintiff by the Defendant includes, but is not limited to:

a. Plaintiff enduring unfair criticisms, harassment and adverse comments which were premised on Plaintiff's gender, as well as disparaging comments about Plaintiff's work

abilities, all from supervisor Covington and other managerial level employees.

b. Plaintiff was subjected to closer supervision and scrutiny by supervisor Covington, which was unfounded, unsupported and negatively impacted Plaintiff's job performance.

c. Supervisor Covington engaged in adverse conduct which materially affected the terms and conditions of Plaintiff's employment.

d. Plaintiff was subjected to disparate treatment based on her gender which created an adverse and hostile work environment while working under the supervision of Covington as set forth herein.

e. Plaintiff complained to the Defendant's Human Resources office regarding the harassment, bullying and adverse conduct from supervisor Covington, however these complaints were unresolved and ignored by the Defendant and resulted in Covington retaliating against the Plaintiff.

f. Defendant further engaged in conduct to exclude Plaintiff from team meetings, training sessions and other meetings, which were offered and attended by Plaintiff's co-workers but denied to Plaintiff.

g. Defendant's conduct, as detailed above, created a hostile work environment premised on Plaintiff's gender which subjected the Plaintiff to different and materially adverse working conditions than those of other co-workers who were not subjected to the same level of scrutiny, over-supervision, criticisms and abusive language which was directed at Plaintiff by supervisor Covington, as well as different and materially adverse working conditions than other employees; who were also not subjected to the same level of scrutiny, criticisms and abusive language as Plaintiff.

h. At all times herein, Plaintiff satisfactorily performed her job and remained qualified for her position while employed.

i. Plaintiff was forced to constructively discharge from her employment in March, 2024, which was premised upon the Defendant's inaction on her claims of harassment and discriminatory treatment.

21. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered harm and damages in an amount in excess of $15,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum in excess of $15,000.

2. For back pay in excess of $15,000.

3. For statutory damages according to proof at trial.

4. For reasonable attorney's fees incurred herein.

5. For costs of suit and prejudgment interest.

6. For such other and further relief deemed appropriate by this Court.

Dated this 2nd day of July, 2025.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## JURY TRIAL DEMAND

Pursuant to NRCP 38, Plaintiff does hereby demand a trial by jury of all issues and claims raised in this Complaint.

Dated this 2nd day of July 2025.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## AFFIRMATION REGARDING SOCIAL SECURITY NUMBERS

I hereby affirm that the foregoing contains no social security numbers.

Dated this 2nd day of July 2025.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff